IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>ELVIS ALEJANDRO DEBORA MARQUEZ,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS<br><br>Case No. 2:22-cr-00104-JNP<br><br>District Judge Jill N. Parrish |

Before the court is a motion to dismiss filed by Defendant Elvis Alejandro Debora Marquez ("Defendant"). Def.'s Mot. Dismiss, ECF No. 33. The court DENIES Defendant's motion.

**FACTUAL BACKGROUND**

On March 6, 2022, officers stopped Defendant for driving a vehicle without insurance. Resp. 2, ECF No. 39. Officers searched the vehicle and discovered a Hi-Point .380 caliber semi-automatic pistol. *Id.* at 2. Defendant's then girlfriend, who was a passenger in the vehicle, told officers that the pistol belonged to Defendant. *Id.*

Defendant had previously been convicted of a Class A misdemeanor assault charge involving domestic violence in the Fourth Judicial District of Utah County, Utah. *See Utah v. Debora Marquez*, Case No. 201301055 (Nov. 19, 2021). Defendant had also been convicted of a Class B misdemeanor assault charge in the Orem City Justice Court. *See Orem City v. Debora Marquez*, Case No. 191900845 (Dec. 2, 2021).

On March 23, 2022, a grand jury indicted Defendant with one count of violating 18 U.S.C. § 922(g)(9), Possession of a Firearm and Ammunition by a Domestic Violence Misdemeanant. Indictment, ECF No. 1. Defendant has been detained since April 4, 2022. ECF No. 19.

On February 24, 2023, the court held a hearing on this matter. The court permitted Defendant to file supplemental supporting authority, which the court has reviewed.[1]

## STANDARD OF REVIEW

"The Federal Rules of Criminal Procedure encourage the pretrial resolution of a number of important, and even some potentially dispositive, matters." *United States v. Pope*, 613 F.3d 1255, 1258 (10th Cir. 2010). Rule 12 authorizes parties to raise pretrial motions "that the court can determine without a trial on the merits." FED. R. CRIM. P. 12(b). At any time, a party may move to dismiss for lack of jurisdiction. *Id.* 12(b)(2). At the pretrial stage, a party may move to dismiss an indictment if the indictment "fail[s] to state an offense." *Id.* 12(b)(3)(B)(v). In considering a pretrial criminal motion to dismiss, the court accepts all well-pled allegations in the indictment as true. *United States v. Sampson*, 371 U.S. 75, 78–79 (1962). The court may dismiss a charged offense if the facts alleged in the indictment fail to establish the elements of the offense. *United States v. King*, 581 F. 2d 800, 802 (10th Cir. 1978). "But [an indictment] may not be properly challenged by a pretrial motion on the ground that it is not supported by adequate evidence." *Id.* "[A] pretrial dismissal is essentially a determination that, as a matter of law, the government is

---

[1] Defendant submitted two exhibits relating to cases before the Board of Immigration Authority. ECF No. 44 at 5–30. The court does not find these cases informative. While they pertain to 18 U.S.C. § 16, the relevant statutes in this case are 18 U.S.C. § 922(g)(9) and § 921(a)(33). Moreover, while this motion arises from the initial indictment, those cases involved post-conviction proceedings.

incapable of proving its case beyond a reasonable doubt." *United States v. Hall,* 20 F.3d 1084, 1088 (10th Cir. 1994).

## ANALYSIS

Defendant alleges that the court should dismiss the Indictment for lack of subject matter jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Criminal Procedure. ECF No. 33 at 2. Defendant is mistaken. This court has subject matter jurisdiction over this case because Defendant has been charged with a criminal violation of federal law. *See* 18 U.S.C. § 3231 "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."). The court therefore treats Defendant's motion as a motion to dismiss the indictment for failure to state an offense pursuant to Rule 12(b)(3)(B)(v).

According to Defendant, a criminal conviction in Utah State court for misdemeanor assault involving domestic violence cannot support a charge of 18 U.S.C. § 922(g)(9), Possession of a Firearm and Ammunition by a Domestic Violence Misdemeanant. ECF No. 33 at 9. The possession statute states in relevant part, that it is "unlawful for any person—who has been convicted in any court of a *misdemeanor crime of domestic violence*, to . . . possess . . . any firearm or ammunition . . . ." 18 U.S.C. § 922(g)(9) (emphasis added). A misdemeanor crime of domestic violence is statutorily defined as "a misdemeanor under Federal, State, Tribal, or local law" that "has, as an element, the use or attempted use of physical force . . . [by a person in a domestic relationship with the victim]." 18 U.S.C. § 921(a)(33).

Defendant asserts that the word "use" in the federal statute implies that only state domestic violence laws that set the *mens rea* at intent or knowledge qualify as misdemeanor crimes of domestic violence under federal law. However, Defendant was convicted under a Utah assault

3

statute that sets the *mens rea* at recklessness. *See* ECF No. 33 at 3 (listing Defendant's 2021 assault convictions); UTAH CODE ANN. § 76-5-102 (2021) ("Assault is: (a) an attempt, with unlawful force or violence, to do bodily injury to another; . . . or (c) an act, committed with unlawful force or violence, that causes bodily injury to another or creates a substantial risk of bodily injury to another."); *Id.* § 76-2-101 (explaining that recklessness is the default *mens rea* when the statute fails to specify the mental state). As such, Defendant argues that Utah's misdemeanor assault law does not satisfy the definition of a misdemeanor crime of domestic violence under federal law.

Defendants made an identical argument in *United States v. Voisine*, 579 U.S. 686 (2016). Mr. Voisine was charged with possession of a firearm by a domestic violence misdemeanant pursuant to 18 U.S.C. § 922(g)(9). *Id.* at 689–90. Mr. Voisine had previously pled guilty to assaulting his girlfriend. *Id.* at 689. Under the Maine misdemeanor assault law that Mr. Voisine had been charged with violating, a person could be held culpable if he intentionally, knowingly, or recklessly engaged in the prohibited conduct. *Id.* at 689–90. Mr. Voisine argued that because federal law requires that the underlying domestic violence statute requires the *use* of physical force, and Mr. Voisine's "prior [misdemeanor domestic violence] convictions . . . could have been based on reckless, rather than knowing or intentional, conduct," the 18 U.S.C. § 922(g)(9) possession charge could not be supported by the misdemeanor domestic violence conviction under Maine law. *Id.* at 690.

The United States rejected Mr. Voisine's argument, holding that "the word 'use' does not exclude from § 922(g)(9)'s compass an act of force carried out in conscious disregard of its substantial risk of causing harm." *Id.* at 693–94. The Court reasoned that the "[s]tatutory text and background alike lead us to conclude that a reckless domestic violence assault qualifies as a 'misdemeanor crime of domestic violence' under §922(g)(9)." *Id.* at 692. If a person threw a plate

4

against a wall where his wife was standing, the person used force. *Id.* at 693. The use of force occurs even if the person did not know, or intend, that the plate would injure the spouse. *Id.* The statute has been violated if Defendant recognized that the action induced a substantial risk of injury. *Id.* Restated, *Voisine* holds that the federal definition of misdemeanor crimes of domestic violence includes crimes where the *mens rea* in the underlying statute is recklessness.

In short, *Voisine* directly rejects Defendant's claim that there is "a categorical mismatch" between Utah's domestic violence law and § 921(a)(33) such that the § 922(g)(9) charge is a legal impossibility. Def.'s Mot. Dismiss 9, ECF No. 33. Rather than address *Voisine*, which is directly on point, Defendant points to cases that analyze crimes of violence under 18 U.S.C. § 16. "The term 'crime of violence' means—an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another . . . ." 18 U.S.C. § 16(a). Defendant than cites case law analyzing the requisite *mens rea* for crimes of violence. In *Bettcher*, the Tenth Circuit extended the holding in *Voisine* so that crimes with a *mens rea* of recklessness qualified as crimes of violence under 18 U.S.C. §16(a) and U.S.S.G. § 4B1.2(a)(2). *United States v. Bettcher*, 911 F.3d 1040, 1044–47 (10th Cir. 2018) ("We do no more here by applying *Voisine* outside of § 921(a)(33)(A)(ii)."). Two years later in *Borden*, the Supreme Court overruled *Bettcher* and held that "[o]ffenses with a *mens rea* of recklessness do not qualify as violent felonies under [the] ACCA [Armed Career Criminal Act]." *United States v. Borden*, 141 S. Ct. 1817, 1834 (2021).

Although Defendant correctly states that *Borden* overruled *Bettcher*, neither *Borden* nor *Bettcher* is relevant here. Defendant argues that "the first point of analysis [in determining] whether something is a crime of domestic violence is whether it is a crime of violence under 18 U.S.C. 16(a) and based on the plain language of the Utah Assault Statute." Def.'s Mot. Dismiss 6, ECF No. 33. This is incorrect. Because Congress expressly defined a misdemeanor crime of

5

domestic violence in 18 U.S.C. § 921(a)(33), the starting point is the definition contained in 18 U.S.C. § 921(a)(33).

Defendant attempts to transpose the heightened *mens rea* requirement for violent crimes, established under *Borden*, to misdemeanor domestic violence offenses. However, in *Borden*, the Court distinguished *Voisine*, and explained that the *mens rea* analysis for violent felonies is different from the *mens rea* analysis for domestic violence misdemeanors. *Borden*, 141 S. Ct. at 1832–1834. First, the statute defining misdemeanor crimes of domestic violence only includes the word "use" without the phrase "against the person of another," which is present in the statute defining violent crimes. *Id.*, 141 S. Ct. at 1833; 18 U.S.C. § 921(a)(33); 18 U.S.C. § 16(a). "That phrase . . . is not window dressing: It is the 'critical' text for deciding the level of *mens rea* needed." *Borden*, 141 S. Ct. at 1833. Second, domestic violence is a unique situation. The definition of misdemeanor crimes of domestic violence is meant to "capture[] not 'violent, active' conduct alone, but also 'acts that one might not characterize as "violent" in a nondomestic context.'" *Id.* at 1834 (internal citation omitted). Third, the two acts differ in purpose. While 18 U.S.C. § 922 deters certain groups of people from possessing firearms, the ACCA imposes greater penalties on armed career criminals. *Compare* 18 U.S.C. § 922 *with* 18 U.S.C. § 924. As such, the Court's determination of the appropriate *mens rea* for violent crimes is not informative as to the determination of the appropriate *mens rea* for misdemeanor crimes of domestic violence.

In Borden, the Court has unambiguously affirmed that *Voisine* remains controlling law in cases involving misdemeanor domestic violence crimes. *Borden*, 141 S. Ct. at 1832–34. Defendant's analysis of violent crimes under 18 U.S.C. § 16(a) is irrelevant. Under *Voisine*, a state law that sets the *mens rea* for assault at recklessness satisfies the federal definition of a misdemeanor crime of domestic violence pursuant to 18 U.S.C. § 921(a)(33). Defendant's claim

6

that Utah's assault law, which permits a *mens rea* of recklessness, does not satisfy 18 U.S.C. § 921(a)(33) is unpersuasive as it directly contradicts the holding in *Voisine*.

## CONCLUSION AND ORDER

For the foregoing reasons, the court DENIES Defendant's motion to dismiss. ECF No. 33.

DATED March 3, 2023.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge